SEVEN SEVENTY CORPORATION, a Nevada Corporation, dba BOULDER HIGHWAY VIDEO, Appellant, v. COUNTY OF CLARK, a Political Subdivision of the State of Nevada; JAY BINGHAM, PAUL CHRISTENSEN, DON SCHLESINGER, and BRUCE WOODBURY, County Commissioners, Respondents.

No. 26181

February 29, 1996                                        911 P.2d 1187

---

*Allen Lichtenstein,* Las Vegas, and *Stone & Stone,* Encino, California, for Appellant.

*Stewart L. Bell,* District Attorney, and *Robert Gower,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

Appellant Seven Seventy Corporation ("Seven Seventy") filed a complaint in district court seeking declaratory and injunctive relief, challenging the denial of a use permit and zoning variance and the constitutionality of a Clark County ("County") licensing ordinance. The district court granted summary judgment in favor of the County and permanently enjoined Seven Seventy from operating any business without first complying with the County's licensing ordinance.

On appeal, Seven Seventy does not allege the existence of material disputed facts, but contends that the County was not entitled to judgment as a matter of law. Seven Seventy challenges the district court's reliance upon a repealed licensing ordinance which assertedly constituted an impermissible prior restraint because the time for approving or rejecting a license application was unspecified. As a result, Seven Seventy claims that because the licensing scheme was unconstitutional, it was entitled to a de facto license.

We conclude that although the district court erroneously relied upon the repealed licensing ordinance, the court reached a correct result in ruling that Seven Seventy was required to obtain a business license in order to operate.

## FACTS

Seven Seventy owns Boulder Highway Video ("BHV"), a business located at 2983 East Fremont, Las Vegas. The area is zoned H-2 (General Highway Frontage District). In order to operate a retail business (selling videos) in an H-2 district, Seven Seventy had to secure a conditional use permit and zoning variance.

In November 1991, Seven Seventy applied for a business license to sell and rent videotapes. Seven Seventy claims that its application was disapproved because it did not have the requisite conditional use permit to operate a retail business in an H-2 area. According to Seven Seventy, it thereafter obtained a use permit and reapplied for a license in January 1992, and although this application was disapproved by the fire department, Seven Seventy was never notified that its application had been denied. Seven Seventy received a receipt for its application fee and was billed every six months for license renewal; however, Seven Seventy never actually received a business license.

In February and June 1992, Seven Seventy applied for three additional business licenses to (1) sell gifts and novelties; (2) operate amusement machines; and (3) charge admission fees. Again, Seven Seventy received receipts and bills for renewal, but never a certificate of licensure.

In June 1992, Seven Seventy applied for a use permit and variance to operate an arcade and walk-in theater, and to sell novelty and gift items. That same month, the Clark County Planning Commission ("Commission") denied the permit and variance. In July 1992, the County cited Seven Seventy for "failure to obtain a business license for an adult bookstore, for adult book, novelty and film and tape store" and for "operating an adult bookstore business in a zoning district other than an M-1 zone." In August 1992, Seven Seventy appealed the Commission's decision to the Clark County Board of Commissioners ("Board"), which affirmed the Commission's denial of the use permit and zoning variance.

Thereafter, Seven Seventy filed a complaint in district court requesting declaratory and injunctive relief, alleging that the Commission and Board improperly denied the use permit and zoning variance based upon the "adult" content of some of the items being sold, and that the definitions of "adult use" and "sex novelty" as used in the county ordinances were unconstitutionally vague and overbroad. In its answer and counterclaim, the County alleged that the denials were neither fraudulent nor arbitrary, and that an injunction was necessary to stop Seven Seventy from illegally operating a sex novelty shop, adult bookstore, and

adult or non-adult picture arcade theater without the requisite zoning variances.

Throughout this time, BHV remained open and Seven Seventy paid license renewal fees. In February 1994, Seven Seventy received a letter denying its applications for a business license.

On March 14, 1994, the County filed a motion for summary judgment, arguing that based on the undisputed facts, it was entitled to judgment because (1) the denial of the zoning variance was proper; (2) Seven Seventy was operating a sex novelty shop and adult bookstore without the requisite business licenses; and (3) the definition of "adult uses" is not unconstitutionally vague or overbroad. On May 16, 1994, the district court granted the County's motion and issued an order permanently enjoining Seven Seventy from operating any business at 2983 East Fremont Street without obtaining the requisite land use approvals and business licenses.

Seven Seventy filed a motion for reconsideration on May 24, 1994, because the County had again issued a notice of license renewal. The County admitted that a renewal notice had been sent on May 16, but explained that it was the result of a computer error, not a recognition that Seven Seventy had been licensed.[1] The district court denied the motion on May 26, 1994.

On June 15, 1994, Seven Seventy filed a notice of appeal. In the interim, the federal district court denied Seven Seventy's emergency motion for a temporary restraining order based on principles of comity.

On appeal, Seven Seventy challenges the district court's reliance on an ordinance that had been repealed after the federal district court ruled a similar enactment unconstitutional.[2] Seven Seventy contends that it is entitled to a de facto business license because the licensing scheme was unconstitutional.

## DISCUSSION

First, Seven Seventy contends that the district court erred by basing its decision on Seven Seventy's failure to comply with a repealed licensing ordinance.[3] We agree. The ordinance was

[1] A letter sent to Seven Seventy on May 23, 1994, explains that the renewal notice was the result of computer error and that there were no records of any approved licenses to do business at the location.

[2] Seven Seventy did not challenge the district court's findings regarding the denial of the use permits and variances.

[3] The original version of Clark County Code § 6.110.025 did not provide a time limit for the approval or denial of a bookstore license. If a decision was not made within thirty days, the applicant could demand the license and

amended on February 15, 1994, after the federal district court found a similar Clark County licensing scheme unconstitutional because it failed to provide a reasonable, definite time period within which the license director had to take action on the application.[4]

Although the district court erred in citing the repealed ordinance, the court nevertheless reached the correct result. *See* Hotel Riviera, Inc. v. Torres, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981).

Seven Seventy also contends that because the licensing ordinance was unconstitutional, it is entitled to a de facto business license. With this proposition we do not agree. Seven Seventy has failed to cite any cases wherein a court has held that an application for a business license must be deemed approved whenever the licensing provision pursuant to which the application is submitted has been determined to be unconstitutional.[5] Thus, we need not consider this novel proposition.

Nevertheless, we conclude that Seven Seventy's argument lacks merit. The County apparently cured the constitutional defects by amending the ordinance. Moreover, after the ordinance was amended, the County took immediate action on the pending applications, including the applications at issue here. We are unaware of any principle of law that would prohibit the County from requiring Seven Seventy to comply with the amended ordinance. Indeed, Seven Seventy has not challenged the constitutionality of the ordinance as amended. It would disserve an orderly society if every time a governmental entity enacted a faulty licensing provision, all applications pending thereunder would receive an automatic approval no matter how disruptive or deleterious the resulting business activity would be to the community. We therefore conclude that the district court

---

begin operating the business "unless and until the director of business license notifies the applicant of a denial of the license application and states the reason for the denial." Clark County, Nev., Ordinance 1312, § 3 (1991).

[4]The amended version of § 6.110.025 requires the license director to issue or deny the license within thirty days from receipt of a complete application and fees. If the director fails to take any action within the thirty-day time limit, the license is considered to have been granted. Clark County Code § 6.110.025.

[5]For example, in People v. Library One, Inc., 280 Cal. Rptr. 400, 406-07 (Cal. Ct. App. 1991), the court ruled that a licensing scheme was unconstitutional because it failed to provide a specified, reasonable time within which the application had to be granted or denied. The *Library One* court held that the unconstitutional scheme was *unenforceable. Id.* at 407. The court did not conclude that applications submitted pursuant to an unconstitutional licensing provision must be considered granted.

properly enjoined Seven Seventy from operating its business without the requisite business license.

Finally, Seven Seventy argues that its licensing application was selectively acted upon in violation of the First and Fourteenth Amendments. According to Seven Seventy, it is "normal practice" in Clark County for a business to operate "upon approval" after receiving a "Business License Receipt," even though the business has not received the certificate evidencing licensure. We note, however, that Seven Seventy remained open from the time it received the receipt until the injunction was issued. Thus, it does not appear that Seven Seventy received discriminatory treatment. Moreover, there is nothing in the record to support Seven Seventy's factual assertion regarding the "normal practice" in Clark County. Therefore, we conclude that Seven Seventy's selective treatment argument is without merit.

## CONCLUSION

For the reasons discussed above, we affirm the summary judgment entered by the district court in favor of the County and enjoining Seven Seventy from operating a business without the requisite business license or land use permits.